# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| PAIGE CHANDLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:08-CV-0154-RWS |
| SHERIFF STEVE CRONIC, | : | |
| Individually and in his official capacity | : | |
| as SHERIFF OF HALL COUNTY; | : | |
| DEPUTY SHERIFF JEFFREY | : | |
| HOOPER, individually and in his | : | |
| official capacity as DEPUTY SHERIFF | : | |
| OF HALL COUNTY; SGT. RON | : | |
| DOBBINS, individually and in his | : | |
| official capacity as SGT. OF HALL | : | |
| COUNTY SHERIFF'S DEPARTMENT | : | |
| AND DEPUTY SHERIFF AMANDA | : | |
| NORMAN, individually and in her | : | |
| official capacity as DEPUTY SHERIFF | : | |
| OF HALL COUNTY, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Defendants Ron Dobbins and

Amanda Norman's Motion for Judgment on the Pleadings [15], Defendant

Jeffrey Hooper's Motion for Judgment on the Pleadings [16], and Defendant

Steve Cronic's Motion to Dismiss [24]. After a review of the record, the Court

enters the following Order.

## Background[1]

Plaintiff Paige Chandler initiated this cause of action on July 28, 2008

based on a series of incidents that occurred on May 4, 2006 at the Flowery

Branch High School. Plaintiff was involved in a physical altercation with

another student. Following the incident, Plaintiff was upset and headed towards

the guidance counselor's office. Defendant Deputy Sheriff Jeffrey Hooper

called out for Plaintiff to stop and she continued to proceed.[2] Defendant

Hooper shot Plaintiff in the back with a taser gun and she subsequently fell to

the floor. Defendant Hooper and Principal Coleman escorted Plaintiff to the

guidance counselor's office and tried unsuccessfully to remove the taser prongs

from her back. An ambulance was called and the paramedics were also unable

_____

[1]The Court makes no findings with regard to the facts stated herein, which are drawn primarily from Plaintiff's Complaint [1].

[2]Defendant Hooper affirmatively alleged that he called out to Plaintiff prior to firing the taser. (Answer ¶ 19.) The Complaint makes no mention of Defendant Hooper's statements calling out for Plaintiff to stop and does not conflict with the facts alleged in the Answer. While construing all facts in the light most favorable to the Plaintiff, the Court may take as true allegations in the Answer that have not been denied or do not conflict with those of the Complaint. Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956).

to remove the taser prongs from Plaintiff's back. Plaintiff's mother and sister

arrived at the school but were not permitted to have contact with her. The

paramedics placed Plaintiff on a cot for transport to the hospital but were

ordered by Defendant Sgt. Ron Dobbins to cease. Rather, Plaintiff was taken to

the hospital in a police car. Plaintiff contends that Defendant Deputy Amanda

Norman executed a document, falsely claiming on behalf of Plaintiff's parent or

guardian, that Ms. Chandler, a minor, refused ambulance transport. Upon

arrival at the Northeast Georgia Medical Center, Plaintiff was examined in the

presence of Deputy Hooper, Deputy Norman and Sgt. Dobbins. As Plaintiff

was in custody, her sister and mother were not allowed to see her while at the

hospital. Once the taser prongs were removed from her back, Plaintiff was

interrogated and subsequently transported to the Hall County Jail. There, she

was charged with terroristic threats and held overnight.

Plaintiff asserts causes of action against four defendants in their

individual and official capacity. Count I states a cause of action under 42

U.S.C. § 1983 for violations of the First and Fourth Amendment in the course

of her arrest and detention. Count II asserts a state law claim of false

imprisonment against all defendants. Count III states a claim for battery against

Defendant Deputy Hooper.  Plaintiff further asserts state law claims of intentional infliction of emotional distress (Count IV) and negligent infliction of emotional distress (Count V) against all defendants.  Count VI alleges respondeat superior liability on the part of Sheriff Cronic.

Defendants Dobbins, Norman, and Hopper have filed motions with the Court for judgment on the pleadings [15 and 16].  Sheriff Cronic moves for a dismissal of all claims [24].  Such motions shall be addressed herein.

## Discussion

## I.    Official Capacity Claims

As an initial matter, Defendants Cronic, Hoooper, Dobbins and Norman claim they are entitled to immunity under the Eleventh Amendment for causes of action asserted against them in their official capacity.  First, it should be noted that Plaintiff fails to respond specifically to Defendants' Eleventh Amendment immunity argument, and the Court could grant Defendants' motions on this ground alone;  however, in the interest of justice, the Court will consider the merits of Defendants' immunity defense.[3]

---

[3] Local Rule 7.1(B)  states that failure to respond to a motion "shall indicate that there is no opposition to the motion."  Thus, the Court must infer from Plaintiff's failure to respond to Defendants' immunity arguments that Plaintiff does not oppose the motion

Absent abrogation of immunity by Congress, "[t]he Eleventh Amendment protects a State from being sued in federal court without the State's consent." <u>Manders v. Lee</u>, 338 F.3d 1304, 1308 (11th Cir. 2002). "It is also well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." <u>Id</u>. "Whether a defendant is an 'arm of the State' must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." Id.

In <u>Manders</u>, the Eleventh Circuit held that Sheriffs are "arms of the state" for purposes of administering county jails and, as such, are entitled to Eleventh Amendment immunity.  In doing so, the court found important that the Georgia Constitution grants the State of Georgia the exclusive authority to establish and control a sheriff's power and duties, while "expressly prevent[ing] counties from controlling or affecting the sheriff's office or the personnel thereof." <u>Id</u>. at 1310.  The court went on to state "deputies, including those serving as jailers, are employees of the sheriff and not the county." <u>Id</u>. at 1113.  By this language, <u>Manders</u> indicates that its reasoning would apply to those to whom the sheriff

_____

for judgment on the pleadings or the motion to dismiss on this ground.

5

delegates his authority. The Court concludes that Defendants are entitled to

Eleventh Amendment immunity. Accordingly, insofar as they seeks judgment

on Plaintiff's claims against them in the official capacity, Defendants' Motions

for Judgment on the Pleadings [15 and 16] are hereby **GRANTED**. Defendant

Cronic's Motion to Dismiss [24] is **GRANTED** as to official capacity claims.

## II.     Defendants Dobbins and Norman's Motion for Judgment on the
##         Pleadings

### A.     Legal Standard

After the pleadings are closed but within such time as not to delay trial, a

party may file a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c);

see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001). Judgment on

the pleadings is appropriate only when no issues of material fact exist, and the

movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d

1521, 1524 (11th Cir. 1996). A court considers only the substance of the

pleadings and any judicially noticed facts, and the court accepts the facts in the

complaint as true and views them in the light most favorable to the nonmoving

party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.

1998).

6

B.    Violation of 42 U.S.C. § 1983 (Count I)

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.  Separating out the alleged actions of Defendant Hooper, the factual allegations against Defendants Dobbins and Norman that establish the Section 1983 claim arise from the transport of Plaintiff to the hospital, her detention and interrogation, and the subsequent prosecution of criminal charges.

Defendants first argue that Plaintiff has failed to establish that the above actions constitute a constitutional deprivation under Section 1983.  Plaintiff states that "[d]ue to Hooper's improper seizure and excessive use of force against Ms. Chandler, she should not have been detained at any point by Officers Dobbins and Norman." (Dkt. No. [22] at 13.)  She contends that this detention and interrogation by Defendants Dobbins and Norman constituted a further violation of her Fourth Amendment rights.

7

In viewing the facts in the light most favorable to the Plaintiff, the Court finds actionable conduct by Defendants Dobbins or Norman sufficient to state a cause of action. Plaintiff admits that Defendant Hooper alone was responsible for the act of tasing Plaintiff on her way to the guidance counselor's office. (Complaint ¶ 19.) Even assuming that Defendants Dobbins and Norman dictated Plaintiff's method of transportation to the hospital, Plaintiff makes no allegations that Defendants acted with a deliberate indifference to her medical needs in violation of the Fourteenth Amendment. Plaintiff does not allege that Defendants Dobbins or Norman were involved in the decision to place Plaintiff under police custody. However, Plaintiff alleges that Defendants Dobbins and Norman were involved in interrogating and detaining Plaintiff subsequent to her arrest. If Plaintiff's arrest were unlawful in lacking probable cause, the alleged acts of interrogating and detaining Plaintiff subsequent to her arrest may give rise to an actionable constitutional violation. <u>Ortega v. Christian</u>, 85 F. 3d 1521, 1525 (11th Cir. 1996). Accordingly, the Court finds that Plaintiff has stated an actionable claim under Section 1983 against Defendants Dobbins and Norman.

Finding that Plaintiff has plead facts amounting to actionable conduct, nonetheless, the § 1983 claims against Defendants Dobbins and Norman are

barred by the doctrine of qualified immunity. Qualified immunity provides "complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (*quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Qualified immunity is a question of law for the court. Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

To be entitled to qualified immunity, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). For this determination, Eleventh Circuit has articulated a two-part test requiring a showing that the officer was "(a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). Furthermore:

> [T]he inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act. Framed that way, the inquiry is no more than an untenable tautology. In applying

each prong of this test, we look to the general nature of the
defendant's action, temporarily putting aside the fact that it may
have been committed for an unconstitutional purpose, in an
unconstitutional manner, to an unconstitutional extent, or under
constitutionally inappropriate circumstances.

Id. at 1265 (internal quotation marks omitted).  Under this guidance, the Court

finds that the general act of transporting, detaining and interrogating suspects in

general are part of Defendants Dobbins and Norman's job responsibilities. See

id. at 1266.  Furthermore, Defendants were exercising powers that "legitimately

form a part of their jobs." Id.  Accordingly, the Court finds that Defendants

Dobbins and Norman were acting within the scope of their  discretionary

authority when the acts occurred that gave rise to this litigation.

       If the defendant satisfies this inquiry, the burden shifts to the plaintiff to

show that the defendant official's conduct violated clearly established law.

Bouye v. Marshall, 102 F. Supp. 2d 1357, 1361 (N.D. Ga. 2000) (Thrash, J.)

citing Rich v. Dollar, 841 F.2d 1558 (11th Cir. 1988), and Lassiter v. Alabama

A & M Univ.  Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc).

A right is clearly established if its contours are "sufficiently clear that a

reasonable official would understand what he is doing violates that right."

Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523

10

(1987). Plaintiff has failed to demonstrate that the conduct attributable to Defendants Dobbins and Norman was so clearly unlawful that Defendants had "fair and clear warning" that their action was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 746, 122 S. Ct. 2508, 2515 (2002). Furthermore, while citing a case related to the use of a taser, Plaintiff has not put forth case law or precedent which would have placed Defendants on notice that *their* conduct was unconstitutional. McNally v. Eve, 2008 WL 1931317 (M.D. Fla.) Therefore, Plaintiff has not met its burden of demonstrating that Defendants Dobbins or Norman violated clearly established law.

The Court finds that Defendants Dobbins and Norman are entitled to qualified immunity. Accordingly, Defendants' Motion for Judgment on the Pleadings [15] as to Plaintiff's Section 1983 claim (Count I) is hereby **GRANTED**.

     C.    State Law Claims (Counts II, IV, and V)

Plaintiff asserts state law causes of action against Defendants Dobbins and Norman for false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants argue that Plaintiff's

claims are barred by sovereign and official immunity and further that she has

failed to assert a cause of action under the claims.

Defendants state that Plaintiff's state law claims against them in their

individual capacities are barred by official immunity because the defendants

were performing their discretionary duties "without actual malice or an actual

intent to injure." Ga. Const. Art. I, Sec. II, Par. IX; see also Peterson v. Baker,

504 F.3d 1331, 1339 (11th Cir. 2007) *citing* Gilbert v. Richardson, 264 Ga. 744,

452 S.E.2d 476, 483 (1994). The Eleventh Circuit noted that:

> In the context of official immunity, "actual malice requires a
> deliberate intention to do wrong and denotes express malice or
> malice in fact." Adams v. Hazelwood, 271 Ga. 414, 520 S.E.2d
> 896, 898 (1999) (internal quotations marks and citations
> omitted). That "[a]ctual malice requires more than harboring bad
> feelings about another" is well established. Id. "While ill will
> may be an element of actual malice in many factual situations,
> its presence alone cannot pierce official immunity; rather, ill will
> must also be combined with the intent to do something wrongful
> or illegal." Id. As we understand it, malice in this context means
> badness, a true desire to do something wrong. In addition,
> "actual intent to cause injury" means "an actual intent to cause
> harm to the plaintiff, not merely an intent to do the act
> purportedly resulting in the claimed injury." Kidd v. Coates, 271
> Ga. 33, 518 S.E.2d 124, 125 (1999) (internal quotation marks
> omitted).

12

Id. The Court has previously found that Defendants Dobbins and Norman were acting within their discretionary authority during the incidents that gave rise to this litigation. See supra Part B. Viewing the facts in the light most favorable to the Plaintiff, genuine issues of material fact exist that preclude a finding that these functions were performed without actual malice. Specifically, the alleged refusal fo Defendant Dobbins to allow Plaintiff's mother and access to Plaintiff, her minor child, and the alleged execution of the refusal to be transported by ambulance by Defendant Norman raise issues of potential malice on the part of these Defendants. Accordingly, the Court finds at this time that Defendants Dobbins and Norman are not entitled to official immunity on Plaintiff's state law claims asserted against them in their individual capacities.

Defendants further argue that Plaintiff has failed to assert factual allegations to constitute actionable state law claims for false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. These claims stem from the actions and events that occurred during and subsequent to Plaintiff's arrest. The Court has found that issues of material fact exist concerning the lawfulness of Plaintiff's seizure

AO 72A
(Rev.8/82)

and detention.  Accordingly, the Court concludes that Defendants Dobbins

and Norman are not entitled to judgment as a matter of law on the false

imprisonment claim.

However, as to the intentional and negligent infliction of emotional

distress claims, the Court concludes that Plaintiff has failed to allege facts that

would support these causes of action.  To sustain a claim of intentional

infliction of emotional distress,

> it is not enough that the defendant has acted with an intent
> which is tortious or even criminal, or that he has intended to
> inflict emotional distress, or even that his conduct has been
> characterized by malice, or a degree of aggravation that would
> entitle the plaintiff to punitive damages for another tort.  Liability
> has been found only where the conduct has been so outrageous in
> character, and so extreme in degree, as to go beyond all possible bounds
> of decency, and to be regarded as atrocious, and utterly intolerable in a
> civilized community.

Northside Hosp., Inc. v. Ruotanen, 246 Ga. App. 433, 435, 541 S.E.2d 66, 69

(2000).  The allegations against Defendant Dobbins are that he denied

Plaintiff's family access to her while she was in custody at the school and

hospital, interrogated Plaintiff without a parent or attorney present, directed

Defendant Norman to execute a document falsely claiming on behalf of

Plaintiff's parent or guardian that Plaintiff refused ambulance transportation,

14

required Plaintiff to go to the hospital in a patrol car rather than the ambulance, instructed law enforcement personnel that a charge of terroristic threats should be added to Plaintiff's charges, and caused bail to be denied Plaintiff the night she was taken into custody. The allegations against Defendant Norman are that she executed a document falsely claiming on behalf of Plaintiff's parent or guardian that Plaintiff refused ambulance transportation, interrogated Plaintiff without a parent or attorney present, and denied Plaintiff's family access to her while she was at the school and hospital. The Court finds that the alleged conduct of Defendants Dobbins and Norman does not rise to the level of "outrageousness" required to sustain a cause of action for intentional or negligent infliction of emotional distress. While a person is in law enforcement custody away from a secure facility, denial of access of other persons to the accused is not unreasonable. In light of Plaintiff's physical condition, requiring her to travel to the hospital in a patrol car rather than in an ambulance was not unreasonable. There is no suggestion that Plaintiff required any medical attention while in route to the hospital. Finally, while the signing of documents on behalf of Plaintiff

AO 72A
(Rev.8/82)

without authorization may be inappropriate, the conduct, under these circumstances, was not outrageous.

Based on the foregoing, Defendants Dobbins and Norman's Motion for Judgment on the Pleadings [15] is **GRANTED** as to Plaintiff's Section 1983 claim (Count I) and state law claims of intentional and negligent infliction of emotional distress (Counts IV and V) against Defendants Dobbins and Norman. The Motion [15] is **DENIED** as to Plaintiff's state law claim of false imprisonment asserted against Defendants Dobbins and Norman in their individual capacities (Count II).

## III.    Defendant Hooper's Motion for Judgment on the Pleadings

The causes of action against Deputy Hooper stem from his alleged actions regarding the tasing, detention, and interrogation of Plaintiff.

### A.    Violation of 42 U.S.C.§ 1983 (Count I)

Defendant Hooper argues that Plaintiff cannot establish a constitutional violation under Section 1983. First, Defendant argues Plaintiff's Fourth Amendment rights were not violated because sufficient probable cause existed for her arrest. Defendant contends that Plaintiff was very upset on

16

her way to the guidance counselor's office and failed to stop despite Defendant's repeated requests. (Dkt. No. [16] at 4.)  He asserts that this conduct in the context of the student altercation amounts to sufficient probable cause to warrant an arrest. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007)(citation omitted).  The Court finds that issues of material fact exists as to the events and circumstances surrounding Plaintiff's arrest. Essentially, the pleadings are insufficient for the Court to conclude as a matter of law that Defendant Hooper had probable cause to arrest Plaintiff. Accordingly, the determination of probable cause surrounding Plaintiff's arrest remains an issue of fact.

Defendant further contends that his use of the taser did not amount to excessive force in violation of the Fourth Amendment.  "The use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment." Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002). The Eleventh Circuit has held that to demonstrate excessive force, a plaintiff

17

must show (1) that a seizure occurred and (2) that the force used to carry out the seizure was unreasonable. Walker v. City of Riviera Beach, 212 Fed.Appx. 835, 837 (11th Cir. 2006). Given the unresolved issues of fact, the Court cannot determine at this time, whether the use of the taser was "proportionate to the need for force under the totality of the circumstances." McNally v. Eve, No. 8:06-CV-2310-T-23EAJ, 2008 WL 1931317 (M.D. Fla. May 2, 2008) (citing Draper v. Reynolds, 369 F.3d 1270, 1278 n. 13 (11th Cir. 2004)).

Finally, Defendant contends that Plaintiff's Section 1983 claim is barred by the doctrine of qualified immunity. In this analysis, "[a]rguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry." Jones v. Cannon, 174 F.3d 1271, 1283 n. 3 (11th Cir. 1999). Arguable probable cause turns on whether the officer could have reasonably believed that probable cause existed for the arrest. See Lee v. Ferraro, 248 F.3d 1188, 1195 (11th Cir. 2002). As stated above, the question of probable cause remains an issue of material fact before the Court. Therefore, Defendant Hooper is not entitled to qualified immunity at this

time.  Defendant Hooper's Motion for Judgment on the Pleadings [16] as to

Plaintiff's Section 1983 claim (Count I) is **DENIED**.

> B.   State Law Claims (Counts II, III, IV, V)

With respect to the state law counts for battery, false imprisonment,

intentional infliction of emotional distress, and negligent infliction of

emotional distress, Defendant Hooper argues that the Plaintiff fails to assert a

claim and that the causes of action are barred by official immunity.

As stated previously in Part II.C, issues of material fact exist

concerning the lawfulness of Plaintiff's arrest and detention.  On Plaintiff's

battery claim, the Court cannot determine at this time whether Defendant

Hooper's use of the taser amounted to an unlawful and excessive contact.

Also, if Defendant Hooper lacked probable cause for the arrest and

committed a battery against Plaintiff, his conduct may have been sufficiently

outrageous to support a claim for intentional or negligent infliction of

emotional distress.   Furthermore, while Defendant Hooper was acting within

his discretional authority during the incident that gave rise to this litigation,

the Court cannot conclusively hold that he acted "without actual malice or an

AO 72A
(Rev.8/82)

actual intent to injure".  <u>See</u> Ga. Const. Art I, Sec. II, Par IX.   Accordingly,

Defendant Hooper is not entitled to official immunity on Plaintiff's state law

claims asserted against him in his individual capacity.  Defendant's Motion

for Judgment on the Pleadings [16] as to Plaintiff's state law claims (Counts

II, III, IV, and V) is **DENIED**.

Defendant Hooper's Motion  for Judgment on the Pleadings [16] is

**DENIED** as to Plaintiff's Section 1983 claim (Count I) and Plaintiff's state

law claims (Counts II, III, IV, V) asserted against Defendant Hooper in his

individual capacity.

## IV.     Defendant Cronic's Motion to Dismiss

Indisputably, Sheriff Cronic was not personally involved in any of the

alleged events that give rise to the suit herein.  Rather, Plaintiff seeks to

assert supervisor liability against Sheriff Cronic for his role in training,

supervising and disciplining the other deputies cited in the litigation. (Dkt.

AO 72A
(Rev.8/82)

No. [27] at 6.)  Counts I, II, IV, V, VI, and VII assert causes of action against Defendant Cronic in his individual and official capacities.[4]

A.    Legal Standard

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that

_____

[4]Plaintiff's official capacity claims against Defendant Cronic have been previously dismissed. See supra Part I.

21

factual allegations "raise the right to relief above the speculative level."  Id. at

1965.  The plausibility standard does not, however, impose a probability

requirement at the pleading stage; it simply calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence [supporting the

claim]."  Id.

     B.     Violation of 42 U.S.C. § 1983 (Count I) and State Law Claims

               (Counts II, IV, VI, VII)

Defendant argues that Plaintiff fails to state a claim under §1983 and

that any cause of action is barred by qualified immunity.  Liability under

Section 1983 cannot be imposed on a state official based exclusively on a

theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598

(1976).  Plaintiff instead seeks to establish that Defendant Cronic's conduct

was causally related to the alleged constitutional violations committed by

Defendants Hooper, Norman and Dobbins.  In order to establish liability, a

plaintiff may show either (a) a history of widespread abuse that puts the

responsible supervisor on notice of the need to correct the alleged

deprivation; (b) the custom or policy established by the supervisor resulted in

deliberate indifference to constitutional rights; (c) facts which support an inference that the supervisor directed the subordinates to act unlawfully; (d) evidence that the supervisor knew that the subordinates would act unlawfully and failed to stop them from doing so. <u>Gonzalez v. Reno</u>, 325 F.3d. 1228, 1234-1235 (11th Cir. 2003).

While merely asserting speculative allegations against Defendant Cronic, Plaintiff contends that through the course of discovery, she will be able to establish Defendant Cronic's role in improperly supervising and training the Hall County deputies. Plaintiff therefore argues that Defendant's motion to dismiss should be denied as premature. The Court finds this argument lacking. Even viewing all facts in the light most favorable to Plaintiff, the Court finds that Plaintiff fails to assert any factual allegations that would support to Defendant Cronic's liability under Section 1983 or the state law causes of action. Rather, Plaintiff relies on mere labels and conclusions, which do not pass muster under the standard outlined in <u>Twombly</u>. Accordingly, Defendant Cronic's Motion to Dismiss [24] is **GRANTED**.

AO 72A
(Rev.8/82)

## Conclusion

In conclusion, Defendants Dobbins and Norman's Motion for Judgment on the Pleadings [15] is **GRANTED** as to Plaintiff's official capacity claims, the Section 1983 claim (Count I), and the intentional and negligent infliction of emotional distress claims (Counts IV and V) asserted against Defendants Dobbins and Norman. The Motion is **DENIED** as to the state law claim of false imprisonment (Count II) asserted against Defendants Dobbins and Norman in their individual capacities. Defendant Hooper's Motion for Judgment on the Pleadings [16] is **GRANTED** as to Plaintiff's official capacity claims. The Motion [16] is **DENIED** as to Plaintiff's Section 1983 claim (Count I) and Plaintiff's state law claims (Counts II, III, IV, V) asserted against Defendant Hooper in his individual capacity. Defendant Cronic's Motion to Dismiss [24] is **GRANTED**.

**SO ORDERED**, this _ 23rd _ day of September, 2009.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

24