IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| PAIGE CHANDLER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:08-CV-0154-RWS |
| SHERIFF STEVE CRONIC, : | |
| Individually and in his official capacity : | |
| as SHERIFF OF HALL COUNTY; : | |
| DEPUTY SHERIFF JEFFREY : | |
| HOOPER, individually and in his : | |
| official capacity as DEPUTY : | |
| SHERIFF OF HALL COUNTY; SGT. : | |
| RON DOBBINS, individually and in : | |
| his official capacity as SGT. OF : | |
| HALL COUNTY SHERIFF'S : | |
| DEPARTMENT AND DEPUTY : | |
| SHERIFF AMANDA NORMAN, : | |
| individually and in her official : | |
| capacity as DEPUTY SHERIFF OF : | |
| HALL COUNTY, : | |
| : | |
| Defendants. : | |

**<u>ORDER</u>**

This case comes before the Court on Defendants Jeffrey Hooper, Ron Dobbins and Amanda Norman's Motion for Reconsideration [32]. After a review of the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

In its September 23, 2009 Order, the Court addressed Defendant Hooper's Motion for Judgment on the Pleadings [16] and Defendants Dobbins and Norman's Motion for Judgment on the Pleadings [15]. The Court dismissed Plaintiff's official capacity claims against all Defendants but declined to dismiss the state law claim of false imprisonment (Count II) asserted against Defendants Dobbins and Norman in their individual capacities or Plaintiff's Section 1983 claim (Count I) and state law claims (Counts II, III, IV, V) asserted against Defendant Hooper in his individual capacity. (Order dated Sep. 23, 2009 [31].)

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D.Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

Defendants Dobbins and Norman request that the Court reconsider its finding that they are not entitled to judgment on the pleadings as to Plaintiff's state law claim of false imprisonment (Count II). (Dkt. No. [32] at 4.) The

2

Court determined that, based on the present record, Defendants were not protected by official immunity for their alleged role in the actions giving rise to the litigation because, "genuine issues of material fact exist that preclude a finding that these functions were performed without actual malice." (Order dated Sep. 23, 2009 [31] at 13.) In support of their motion, Defendants cite to two cases of seemingly more egregious conduct in order to demonstrate that Defendants' alleged conduct did not involve the requisite malice. (Dkt. No. [32] at 5-6.) Aside from the fact that the Court finds that the cases cited by Defendants are distinguishable from the facts of the present case, both cases cited by Defendants were before the court on motions for summary judgment. Thus, the court had a complete record on which to base its decision. The issues presently before this Court are presented in a motion for judgment on the pleadings where the Court considers the allegations of the complaint as true and has no additional evidence before it for consideration. Accepting all of the allegations of the Complaint as true, the Court declines to reconsider its decision.

Defendant Hooper asks the Court to reconsider its finding that he is not entitled to a qualified immunity defense. He offers for the first time an

3

argument that he had probable cause to arrest Plaintiff for disruption or interference with the operation of a public school.  However, he reaches this conclusion based on facts not in the Complaint.  Specifically, there is no allegation that Defendant Hooper had any knowledge of a fight.  Rather, the Complaint alleges that Defendant Hooper saw Plaintiff walking toward the guidance counselor's office and shot her in the back with the taser.  The Complaint includes no allegation that Defendant spoke to Plaintiff before firing.  Again, the Court is limited to the present record in deciding these issues.  While the additional facts urged by Defendants may result in different conclusions by the Court, those facts must be properly presented to the Court for consideration.  The Court maintains its determination that, on the present record, factual issues preclude a resolution of whether sufficient probable cause existed for Plaintiff's arrest.

      Based on the foregoing, Defendants Jeffrey Hooper, Ron Dobbins and Amanda Norman's Motion for Reconsideration [32] is **DENIED**.

**SO ORDERED** this __18th__ day of June, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE